IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED WITH CALL NUMBER (760) 686-4039 THAT IS IN THE CUSTODY OR CONTROL OF VERIZON | Case No. 19-mj-8063-TJJ<br><br>**Filed Under Seal** |
|---|---|

**SEARCH AND SEIZURE WARRANT**

TO: Federal Bureau of Investigation Task Force Officer Cristin Stammler, and any authorized law enforcement officer

An Application and Affidavit having been made and sworn to before me this date by Task Force Officer Cristin Stammler, and an Application having been presented by Trent M. Krug, Assistant U.S. Attorney, requesting the search of the following property or information, located in the District of Kansas:

**PROPERTY TO BE SEARCHED**

The cellular telephone assigned call number (760) 686-4039**,** with listed subscriber(s) Shay Montgomery, (Target Cell Phone) whose wireless service provider is Verizon, a company headquartered at 1095 Avenue of the America, New York, New York 10013. Records and information about the location of the Target Cell Phone that is within the possession, custody, or control of Verizon,

I find that the Application(s) and Affidavit(s) and any recorded testimony establish probable cause to search and seize the person or property described above, and that such search will reveal: See information contained in Attachment A.

This Court has authority to issue this Warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41. In addition, because the government has satisfied the requirements of 18 U.S.C. § 3122, this Warrant also constitutes an Order under 18 U.S.C. § 3123. Further, this Warrant may be executed at any time in the day or night because good cause has been established.

You must give a copy of the Warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken. This Warrant does not authorize the seizure of any tangible property. Pursuant to 18 U.S.C. § 3103a, I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial). Therefore, pursuant to 18 U.S.C. § 3103a(b), I authorize the officer executing this Warrant to delay notice to the person who, or whose property, will be searched and seized for thirty (30) days.

**SEALING AND NON-DISCLOSURE ORDER**

I find there is good cause to seal this Warrant, the Application(s) and Affidavit(s) in support, as well as the Search Warrant Return, because their premature disclosure may seriously jeopardize the investigation. Therefore, these materials shall be sealed until further order of the Court. These documents may be disclosed as discovery in related criminal proceedings without further order of the Court.

I further find there is reason to believe that notification of the existence of this Search Warrant and any Application/Affidavit in support will seriously jeopardize the investigation, including giving the subject(s) an opportunity to: endanger the life or physical safety of law enforcement attempting to effectuate the arrest or bystanders thereto, flee from prosecution, destroy and/or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(1)-(2),(3), (5). Accordingly, pursuant to 18 U.S.C. § 2705(b), Verizon shall not disclose the existence of this Warrant to the Target Cell Phone's subscriber, user, or to any other person, for one (1) year from the date of this Warrant, unless otherwise authorized to do so by the Court, except that Verizon may disclose this Warrant to its attorney for the purpose of receiving legal advice.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the information or property so described is now stored at premises controlled by Verizon, Inc., and establish grounds for the issuance of this Warrant.

**IT IS SO ORDERED**.

March 25, 2019 @ 2:00 p.m. at Kansas City, Kansas
Date and Time Issued City and State

Honorable James P. O'Hara
U.S. Magistrate Judge
Name & Title of Judicial Officer

James P. O'Hara
Signature of Judicial Officer

| RETURN | | 19-8063-TJJ |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
| INVENTORY MADE IN THE PRESENCE OF | | |
| INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT | | |

**CERTIFICATION**

I declare under penalty of perjury that this inventory is correct and will be returned along with the original warrant to the designated judge.

Date: ___________________________

_____________________________________
Executing Officer's Signature

Sworn to and subscribed before me this ____ day of _________, 2019.

_______________________________
Notary Public

# ATTACHMENT A

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information for the Target Cell Phone is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed:

a. The following information about the customers or subscribers associated with the SUBJECT ACCOUNT for the time period February 13, 2019 through the date of this warrant:

i. Names (including subscriber names, user names, and screen names);

ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii. Local and long distance telephone connection records;

iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v. Length of service (including start date) and types of service utilized;

vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the SUBJECT ACCOUNT, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received as well as per-call measurement data (also known as "real-time tool" or "RTT").

b. Information associated with each communication to and from the SUBJECT ACCOUNT for a period of 45 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the SUBJECT PHONE will connect at the beginning and end of each communication as well as per-call measurement data (also known as "real-time tool" or "RTT").

**II. Information to be Seized by the Government**

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of 18 U.S.C. §§ 1956(h) and 1956(a)(3) involving **BRUGGEN** during the period February 13, 2019 through the date of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, ________________________________, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Verizon, and my title is ____________________________. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Verizon. The attached records consist of _____________ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **Verizon**, and they were made by **Verizon** as a regular practice; and

b. such records were generated by **Verizon's** electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **Verizon** in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by **Verizon,** and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

Date

Signature